*T. B. Adams* and *F. Berry,* for appellant.

*H. C. Hanna,* for appellee.

## SMITH *v.* WATERS.

REPLEVIN BOND.—REVENUE STAMP.—If a revenue stamp is required by law to be attached to a replevin bond, the failure to attach the stamp will furnish no ground for dismissing an appeal from the judgment of a justice in the cause.

APPEAL BOND.—REVENUE STAMP.—The bond required by our statute on appeal from the judgment of a justice is neither a "writ" nor "process," within the meaning of the revenue law, and does not require a stamp.

APPEAL from the *Henry* Common Pleas.

RAY, J.—The appellee brought an action of replevin before a justice of the peace. The value of the property claimed was stated in the complaint at $30. The finding was for the appellant. *Waters* appealed to the Court of

Common Pleas, where a motion was made to dismiss the appeal; the motion was overruled. The two grounds upon which it is insisted in this court that the motion should have been sustained are: 1st. That the replevin bond had no revenue stamp upon it. If a revenue stamp were required upon the bond, the omission to attach it would furnish no ground for dismissing the appeal. If no bond whatever had been filed, the party could still have prosecuted his action for possession of the personal property.

It is urged as a second ground for the dismissal, that the appeal bond was not stamped. The "act to provide internal revenue to support the government, to pay interest on the public debt and for other purposes," approved *June* 30, 1864, (Laws U. S., 38th Congress, p. 234,) provides, in schedule B, that a fifty cent revenue stamp shall be placed "upon writs or other process on appeal from justices' courts, or other courts of inferior jurisdiction, to a court of record." In our opinion, the bond filed before a justice of the peace is neither a "writ" nor "process," within the meaning of the law.

It has been held by the Commissioner of Internal Revenue that "an appeal bond, or instrument by which a suit is transferred from a justice of the peace to a superior court, is an original process, and subject to stamp duty as such."

In this State, the filing of the appeal bond operates to transfer the case to the proper court; no writ or process is issued. In the case of *Malone et al.* v. *Hardesty*, 1 Ind. 79, this court regarded the appeal as perfected without "process" to the appellee. Blackstone defines process to be the means of compelling the parties to appear in court; first, by summons, next, by attachment, &c. In our practice, the appeal operates upon the case and transfers it to the higher court, and the party must take notice of the appeal without process. If the opinion expressed by the commissioner, while entitled to great consideration, is to be regarded as in conflict with this view, still we cannot yield our judgment to this construction. The law itself provides that the only

case in which his opinion is to be final, is where he decides that an instrument does not require a stamp. It is a well settled principle, that every charge under a stamp act must be imposed by clear, unambiguous words. *Denn* v. *Diamond,* 4 B. & C., 245; *Doe* v. *Snaith,* 8 Bing. 147; *Wrought* v. *Turtle,* 11 Mees. & W., 560; 3 Parsons on Contracts, 287. Whatever may have been the intent of the statute, there are no words used which, in our opinion, require a stamp duty on an appeal bond filed before a justice.

The judgment is affirmed, with costs.

*J. Yaryan,* for appellant.

*Brown* and *Polk,* for appellee.