WALTON v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RWY. CO., *Appellant.*

1. **Railroads**: FENCES: FORTY-THIRD SECTION. A railroad company is not liable in double damages under the 43rd section of the railroad law, (Wag. Stat., p. 310,) for cattle killed at the crossing of a private road, or at a point where the railroad runs through uninclosed timbered lands or through uninclosed lands from which the timber has been taken, although such lands are but a narrow strip on each side of the road, and the next adjoining lands to them on each side are enclosed fields. (*Robinson v. C. & A. R. R. Co.*, 57 Mo. 494, *distinguished and criticised.*)

2. **A Private Road** is a public highway within the meaning of section 5 of the damage act. (Wag. Stat., p. 520.)

*Appeal from Washington Circuit Court.*—HON. LEWIS F. DINNING, Judge.

*Thoroughman & Warren* with *W. R. Donaldson* for appellant, cited *Tiarks v. St. L. & I. M. R. R. Co.*, 58 Mo. 45; Wag. Stat., p. 520, § 5. A highway may become such by use and prescription, and there was evidence to show that the road in this case was in use for over thirty years.

*Reynolds & Relfe* for respondent.

There was no highway, but merely a lane through Evans' farm, which he kept open or closed as he chose for his own convenience. Under section 43, it was appellants' duty to erect fences there, and, if Evans wanted to use it as a farm crossing, to erect cattle guards on both sides of

the crossing with bars and gates for his use.   Where the ox was killed, the road certainly ran between an inclosed pasture on the south 60 feet distant, and an inclosed culti- vated field on the north from 200 to 300 feet distant. Surely section 43 is applicable to such a state of facts. *Slattery v. St. L., K. C. & N. Railway Co.*, 55 Mo. 362; *Rob- inson v. Chicago & A. R. R. Co.*, 57 Mo. 494; *Nall v. St. L., K. C. & N. Railway Co.*, 59 Mo. 114.

HOUGH, J.—This was an action under the 43rd section of the act in relation to railroad companies.   The petition contained two counts: one for killing an ox in 1870, the other for killing a heifer in 1874.   At the place where the ox was killed, the railroad runs east and west, and crosses at right angles a private road which had been used by the public for fifteen or twenty years.   East of this private road, the railroad was fenced.   The private road was not fenced, nor was there any fence (for some distance) west of said road.   On the north side of the company's right of way, and immediately west of the private road, in or near which the ox was killed, there was a strip of land be- tween three and four hundred feet in width, which was uninclosed timbered land, partly cleared.   Bounding this strip on the north was an inclosed field.   On the south side there was a similar strip of cleared land from sixty to one hundred feet in width, separating the right of way of the defendant from an inclosed woodland pasture.   The foregoing facts are undisputed.

It is clear that the railroad company could not law- fully fence the private road at its intersection with the railroad.   Though a private road it was by statute free to be traveled by all persons as a public road.   Wag. Stat., Vol. 2, p. 1233, Sec. 10.   A private road is a highway, a " public highway," within the meaning of the 5th section of the Damage Act.   The phrase " public highway," is a tautological expression.   A highway is a passage, road or street, which every citizen

1. RAILROADS: fences: forty- third section.

has a right to use, and is therefore necessarily public. Bouviers Dict. The road in question was a highway, and could not be fenced by the defendant. "Private roads" are so termed by the statute to distinguish them from public roads, which are maintained at the public expense.

Nor did the statute impose any obligation to fence the lands lying immediately west of the road. The lands

2. PRIVATE ROAD. through which the railroad passed at that point were uninclosed timbered lands, or lands from which the timber had been taken. The lands adjoining the right of way of the defendant, and on both sides thereof, were, as shown by the statement, the same. The words "along" and "adjoining," are used in the first part of section 43 as synonymous terms. This is manifest from the immediate context, and from the use of the word "along" in the same connection in a subsequent part of the same section, without the word "adjoining." Both words as used in this section of the statute, imply contiguity, contact. It is true, there were inclosed fields lying to the north of the railroad, and inclosed fields lying to the south of the railroad, but the road did not run through such fields, nor did its right of way adjoin them; and therefore it was not required to erect or maintain fences at such place, and cannot be held liable in double damages. If the ox was not killed upon the highway, the defendant might have been held liable for single damages, in a timely suit brought under the 5th section of the Damage Act. *Tiarks v. The I. M. R. R.* 58 Mo. 45 ; *Edwards v. H. & St. Jo. R. R.*, ante p. 567. The case of *Robinson v. Chicago & Alton R. R.*, 57 Mo. 494, is not in point. That action was not brought under the 43rd section of the corporation law, but for single damages only, and the company was held liable without any proof of negligence, as it did not fence, for it might lawfully have erected a fence. The judgment was right, but the reasoning is open to criticism. Besides, the court in that case, seem to have misapprehended the true character of the Indiana Statute, on which, and the decis-

ions made thereon, its reasoning was based. That statute is wholly unlike our 43rd section, which is the only provision to be found in our laws requiring fences to be built; but it conforms more nearly to the 5th section of our Damage Act.

For the foregoing reasons the judgment must be reversed, and the cause will be remanded. The other judges concur.

REVERSED.