# CITY OF ST. LOUIS v. BELL PLACE REALTY COMPANY et al., Appellants.

**Division Two, June 23, 1914.**

1. **HIGHWAY: Public: Preclusion of Boulevard.** The word "public" adds nothing to the meaning of the word "highway." The terms "public highway" are most general in their meaning, and include all kinds of thoroughfares in which the public has a right of way or passage; and when used in their proper sense they include all public traveled ways, whether in town or country. When used in an ordinance they are not sufficient to preclude the idea of a boulevard, or to justify a holding that only a street was meant.

2. **BOULEVARD: No Regulation of Traffic or Exclusion of Business Houses.** A highway cannot, under the charter of St. Louis, be held to be a street rather than a boulevard simply because the ordinance establishing it makes no provision for regulating traffic thereon, or for excluding business houses, or for the planting of trees and shrubbery, or for a building line. Those things may be done, but the charter does not require every ordinance establishing a boulevard to make provision for them.

3. **————: Benefit Assessments.** If the ordinance does not clearly authorize the establishment of a street, then the power to assess special taxes against the lands which do not front thereon to pay for same, does not exist.

4. **————: ————: Doubtful Power to Levy.** When a law which purports to levy or to authorize the levying of taxes is of doubtful meaning, such doubt must be resolved in favor of the taxpayer and against the governmental authority attempting to levy them. The power of a municipality to take or tax private property must be conferred by unambiguous law or else that power cannot be exercised.

5. **————: ————: ————: Void for Uncertainty.** A municipal law may be constitutional and yet be void for uncertainty. To hold that an ordinance does not in unambiguous terms authorize the construction of a street does not militate against the well-known rule that the constitutionality of a law is presumed until the contrary is shown.

6. **————: Considered a Street: Special Taxes.** Where the city charter provides that the costs of establishing a boulevard are to be taxed against the lands fronting or bordering thereon,

and that a substantial portion of the costs of establishing a street may be taxed against lands benefited by the improvement but not fronting or bordering therein, an ordinance which throughout names the "public highway" as a "boulevard" will not, as against the protest of an owner of land not bordering on the street, when sued on a special tax levied against his land, be held to authorize the establishment of a street—since the ordinance either authorizes the construction of a boulevard or is void for uncertainty.

7. PUBLIC IMPROVEMENT: Notice to Landowners: Substituted Service. Statutes authorizing substituted service are always strictly construed. A notice as good as, or equivalent to, the one required by the statute will not do. The very notice which the statute requires must be given.

8. ————: Benefits Assessed By Court: Power of Taxation. Under the provisions of the charter of the city of St. Louis, the circuit court may acquire jurisdiction to render final judgment against a landowner for the alleged benefits assessed against his lands by commissioners and approved, without exceptions filed, by the court, and may issue execution therefor. Such a judgment is final, and authorizes execution. [Distinguishing City of St. Louis v. Brinckwirth, 204 Mo. 280.]

9. ————: ————: Notice to Landowner: Five Days: Due Process. Under the organic law a notice to persons whose lands are included in the benefit district that their property is or will be assessed to pay the costs of condemning lands for a public street, is imperative; and while a notice of five days is short, it is nevertheless due process of law, and is sufficient to give jurisdiction of the persons against whose lands benefits will be assessed, and to authorize the court to approve the report of the commissioners assessing benefits, where no exceptions thereto are filed.

10. ————: ————: Discontinuance: Renewal Within Ten Years. Holding invalid certain special tax bills, on the ground that the ordinance providing for the establishment of a boulevard did not authorize the establishment of a street, is not equivalent to a voluntary dismissal of the proceedings, and does not require the city to wait ten years, as in the case of its withdrawal or discontinuance of the proceedings, before instituting another suit.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher, Judge.*

REVERSED.

*Lewis & Rice* and *C. R. Skinker* for appellants.

(1) The separate judgments for benefit assessments and order for issuance of executions thereon were void. St. Louis v. Brinckwirth, 204 Mo. 280. This invalidity of these constituent elements of the judgment nullifies the whole record entry which is an entirety. State ex rel. v. Gill, 84 Mo. 248. (2) Ordinance 24,085 either provides for a boulevard, in which case appellants' lands cannot be assessed because not within the benefit district fixed by charter (Charter, sec. 1, art. 6); or is so ambiguous that the doubt as to its meaning must be resolved in favor of appellants' exemption from assessment. Chillicothe v. Henry, 136 Mo. App. 474; St. Louis v. Brinckwirth, 204 Mo. 304; United States v. Wigglesworth, 2 Story, 373; Powers v. Barney, 5 Blatchford, 202; United States v. Watts, 1 Bond, 583; Land Co. v. Banbury, 106 Cal. 134; Brown v. Commonwealth, 98 Va. 366; Supervisors v. Tallant, 96 Va. 723; Smith v. Waters, 25 Ind. 397; Re Enston's Will, 113 N. Y. 174. The ordinance being void, the remedy is dismissal of the case. Kansas City v. Hyde, 196 Mo. 498. (3) Jurisdiction to assess appellants' property never attached because the publication of notice required by Ordinance 878 was only for three days before the day of hearing was actually held, while the ordinance required five days. 1 Cooley on Taxation (3 Ed.), pp. 485-6; Re Bledsoe Hill, 200 Mo. 643; Leavitt v. Eastman, 77 Me. 117; Young v. Downey, 145 Mo. 250; Young v. Downey, 150 Mo. 328; Bird v. Norquist, 46 Minn. 318; Brownfield v. Dyer, 7 Bush. 505; Bank v. Bank, 89 N. Y. 397. (4) The notice given by the "acting and associate city counselor" does not comply with Ordinance 878, which requires the notice to be given by the "city counselor." Stifel v. Cooperage Co., 38 Mo. App. 340; McQuiddy v. Vineyard, 60 Mo. App. 610.

*William E. Baird* and *Elmer E. Pearcy* for respondent.

(1) Special judgments for benefits assessed and order for issuance of execution thereon as a method of collecting the same are valid in a case of this sort, if supported by proper charter and ordinance provisions. Kansas City v. Ward, 134 Mo. 180; Kansas City v. Mastin, 169 Mo. 89; Kansas City v. Duncan, 135 Mo. 571; Eyssell v. St. Louis, 168 Mo. 607, overruled by St. Louis v. Brinckwirth, 204 Mo. 280; Kansas City v. Bacon, 147 Mo. 259, 157 Mo. 450; Kansas City v. Oil Co., 140 Mo. 458; State ex rel. v. Field, 99 Mo. 356; St. Louis v. Realty Co., 175 Mo. 63; St. Louis v. Ranken, 96 Mo. 497; Shaffner v. St. Louis, 31 Mo. 264; Charter of Kansas City (1909), sec. 17, art. 13; Charter of St. Louis, art. 6, secs. 5, 11; Revised Code of St. Louis (1907, Woerner), secs. 877, 878, 879, 880, 881, and 1373; Revised Code of St. Louis, 1912 (Rombauer), secs. 1068, 1069, 1070, 1071, 1072, and sec. 1833; R. S. 1909, secs. 8702, 8735, 8738 and 8739; Stid v. Railroad, 211 Mo. 411. (2) The public highway authorized to be condemned by this action is not a boulevard in the sense that that term is used in section 1 of article 6 of the charter, and benefits, therefore, could be assessed against property not fronting upon the highway to be opened. Elliott on Roads and Streets (2 Ed.), secs. 1 and 3; Dillon on Municipal Corporations (5 Ed.), secs. 1121, 695; Park Comrs. v. Farber, 171 Ill. 160; Howe v. Lowell, 171 Mass. 575; St. Louis v. Handlan, 242 Mo. 88; St. Louis v. Hill, 116 Mo. 527; St. Louis v. Dorr, 145 Mo. 466. (a) The ordinance does not impose any limitation or restriction upon the property fronting upon the highway to be opened, nor upon the use of the highway; and these restrictions are the reasons for limiting the benefit district. (b) A boulevard is not a public highway in the sense that

it is open to the public for all the uses known to the law for a highway. It is a public highway only in a restricted and limited sense, certain rights of user to the public being denied. If these limitations and restrictions do not appear in the ordinance, they cannot be condemned. St. Louis v. Handlan, 242 Mo. 88. (c) The mere fact that for convenience in terminology the street to be opened in this case was called a boulevard does not make it such in fact. (d) In order to limit the taxing district, in accordance with section 1 of article 6, for the opening of a boulevard, restrictions must be imposed which are of advantage to the property holders fronting upon the boulevard to be opened. (e) If at any later date, the city desires to make a boulevard in fact out of this highway, it will be necessary to bring a condemnation suit to change this street into a boulevard. Sec. 1, art. 6, Charter. (3) The notice given by Mr. Charles, who was acting city counselor at the time, as shown by the record, was proper. The commissioners fixed the time of their first meeting and the boundaries of the benefit district. He simply put the notice in proper legal form and caused it to be published. Ordinance 878 (Municipal Code, 1907); Throop on Public Officers, sec. 570, p. 539.

BROWN, J.—This is an action to condemn lands for a street in the city of St. Louis, and to assess benefits against other lands to cover the damages arising from such condemnation.

The appellants own lands against which benefits have been assessed, but their lands do not front or border upon the proposed street. Appellants did not enter their appearance in the action wherein alleged benefits were assessed against their lands until final judgment had been entered against them. Within four days after the entry of judgment they filed a motion to arrest said judgment, because:

(1)   The ordinance of the city of St. Louis upon which this suit is based directs the establishment of a boulevard, whereas the suit is for the establishment of a street.

(2)   Five days' notice was not given to the appellants of the time and place fixed by the commissioners for hearing landowners and assessing benefits against their property.

(3)   The notice to landowners of the time and place set for assessing benefits was issued by the acting and associate city counselor, instead of the city counselor as required by the ordinance of said city.

(4)   The court was without jurisdiction to enter the judgment assessing benefits.

For an understanding of the law upon which this cause must be decided, it will be necessary to examine some of the provisions of the charter of St. Louis.   It is conceded by all of the parties that said charter authorizes the Municipal Assembly, by ordinance, to cause to be established both boulevards and streets; also that the cost of establishing boulevards must be taxed against the lands fronting or bordering on said boulevard, while a substantial portion of the cost of establishing streets may be assessed against lands which are benefited by the construction of such streets, but which do not front or border thereon.   The ordinance upon which this proceeding is based designates the highway sought to be established as a "boulevard." The body of the petition follows the language of the ordinance and does not use the word street, or indicate that a street is to be established, except by the prayer thereof, wherein it demands the appointment of commissioners to ascertain what lands will be benefited by the proposed highway, and to assess benefits against such lands.

As the cause turns upon the sufficiency of the petition and the ordinance recited therein, we will insert

the same here.   Omitting style of case, the petition
reads as follows:

"That on or about the 21st day of December,
1908, an ordinance of the city of St. Louis, State of
Missouri, numbered 24,085, went into force and effect,
having been duly enacted by the Municipal Assembly
of said city, upon the recommendation of the Board of
Public Improvements of said city, in writing, and
approved by the Mayor of said city, on December 11,
1908, the purpose whereof is to establish and open
Kingsbury boulevard from De Baliviere avenue east-
wardly for a distance of about 630 feet, as a public
highway 100 feet wide, the lines thereof to run as
follows:   From De Baliviere avenue eastwardly to the
prolongation southward of the west line of property
now or formerly owned by Henry H. Wellman, in
United States survey No. 378, a distance of about 630
feet; the center line to run 50 feet north of and par-
allel to the north line of property now or formerly
owned by Samuel, Margaret P. and Sarah E. Simmons,
in city block 3875, recorded in deed book 1612, page
1, all in the city of St. Louis, State of Missouri, pur-
suant to the provisions of ordinance of the city of
St. Louis, State of Missouri, numbered 24085, which
ordinance is in words and figures as follows:

"'An ordinance to establish and open Kingsbury
boulevard from De Baliviere avenue eastwardly for
a distance of about six hundred and thirty feet.

"'Be it ordained by the Municipal Assembly of
the city of St. Louis as follows:

"'Section One—Kingsbury boulevard from De
Baliviere avenue eastwardly to the prolongation south-
ward of the west line of property now or formerly
owned by Henry H. Wellman, in United States survey
number 378, a distance of about six hundred and thirty
feet, is hereby established as a public highway one
hundred feet wide, the center line thereof to run fifty
feet north of and parallel to the north line of prop-

erty now or formerly owned by Samuel, Margaret P. and Sarah E. Simmons in city block number 3875 (re-corded in deed book 1612, page one).

" 'Section Two—The city counselor is hereby authorized and instructed to cause said Kingsbury boulevard to be opened according to law.

" 'Approved Dec. 11, 1908.'

. "That for the purpose of establishing and opening Kingsbury boulevard as a public highway, as thus ordained, it is necessary to appropriate, condemn and take or damage private property for public use as such public highway; that the defendants named in the caption to this petition are the owners respectively of the several lots or parcels of land included in the property hereinbefore described and sought to be condemned, appropriated, taken or damaged for said boulevard purposes, or claim some interest therein."

Then follows a prayer that three commissioners be appointed to assess damages in favor of persons whose lands will be taken or injured by the aforesaid "public highway," and to assess benefits against such lands as in the opinion of the commissioners will be benefited by the proposed Kingsbury boulevard; and that judgment be entered in conformity with the report of such commissioners when such report shall have been filed. The word street is not found in the entire petition, although respondent contends that the establishment of a street was the purpose of the suit.

I. Is the ordinance hereinbefore set out as a part of the petition sufficient to authorize the opening of a street, and the assessment of benefits therefor? The respondent asserts that the words "public highway" in the ordinance in judgment preclude the idea of a boulevard —that a boulevard is not a public highway, because the travel thereon may be limited or restricted. The

**Sufficiency of Petition.**

charter and ordinances of St. Louis do not contain a definition of the words "public highway," so far as we have been able to ascertain; and we are unable to concur in respondent's contention. The phrase "public highway," as used in this ordinance is a mere tautological expression—the word "public" adds nothing to the meaning of the word "highway." [Walton v. Railroad, 67 Mo. 56.] "The terms 'public highway' are most general in their meaning, and include all kinds of thoroughfares in which the public have a right of way or passage." [Parsons v. City and County of San Francisco, 23 Cal. 462, l. c. 463.] When used in its proper sense it includes all public traveled ways, whether in county or town. [Harding v. Medway, 51 Mass. 465, l. c. 469.] The word "highway" sometimes embraces a private road. [Walton v. Railroad, 67 Mo. 56; Jenkins v. Railroad, 27 Mo. App. 578.]

If a vacant piece of ground graded and prepared for travel is only open to use by certain designated individuals—for instance, by persons owning property adjoining or fronting on such vacant ground—it would not be a highway; but if open to all travelers of a certain class, such, for instance, as all footmen, all horsemen or all persons with vehicles, it would be none the less a highway because one or more of such classes of travelers were excluded therefrom.

But respondent contends that the ordinance in judgment must be construed as authorizing only the establishment of a street, because it makes no provision for regulating traffic thereon, no provision for excluding business houses, no provision respecting a building line, and no provision for the planting of trees or shrubbery, all of which are claimed to be necessary incidents of a boulevard.

This contention seeks a construction of that part of the charter which authorizes the establishment of

boulevards, which, in so far as it pertains to the question in issue, reads as follows:

"The Municipal Assembly *may*, by ordinance recommended by the Board of Public Improvements, establish and open boulevards, or change existing streets into boulevards, and fix the width thereof, and the manner of laying out and improving the same; and *may* regulate the traffic thereon, and *may* exclude heavy driving thereon or any kind of vehicle therefrom, and *may* exclude and prohibit the erection or establishment or maintenance of any business house, or the carrying on of any business vocation on the property fronting on such boulevard, and *may* establish a building line to which all buildings, fences, or other structures thereon shall conform. And *may* provide for grading, improving, constructing, reconstructing, maintaining, cleaning, sprinkling, the planting of trees, shrubbery and other things of that description and nature thereon, and the entire cost connected with all of said work on such boulevards shall be levied, assessed and collected as a special tax on the property *fronting or bordering* on such boulevard in the proportion that the linear feet of each lot fronting or bordering on the boulevard bears to the total number of linear feet of all property fronting or bordering on the same." [Revised Code of St. Louis, 1912 (Rombauer), p. 352. All italics are ours.]

A mere glance at the quoted provision of respondent's charter demonstrates that, while many things *may be* required in constructing a boulevard which would tend to make it physically unlike a street, those requirements are only directory, and *may* also be omitted, if the Municipal Assembly deems it wise to do so. The true purpose of laws is usually ascertained by their contents, not by the thing they do not contain.

In this case we have an ordinance which directs the establishment of Kingsbury boulevard, and a peti-

tion which repeats the word "boulevard" three times, but does not once use the word "street;" yet under this ordinance and petition a judgment has been entered for the establishment of a street. Can such a judgment stand?

The benefits which have been assessed against the property of appellants are nothing more nor less than special taxes levied under the alleged authority of the ordinance and charter provisions hereinbefore quoted. If the ordinance does not clearly authorize the establishment of a street, then the power to assess said special taxes against the lands of appellants does not exist, for it is a well-settled rule that when a law which purports to levy or authorize the levying of taxes is of doubtful meaning, such doubt must be resolved in favor of the taxpayer and against the party or sovereignty attempting to levy such tax. This rule has been applied to import duties imposed by the Government: United States v. Wigglesworth, 2 Story, 369, l. c. 373; Powers v. Barney, 5 Blatchford, 202; United States v. Watts, 1 Bond, 580, l. c. 583; to license taxes: Brown v. Commonwealth, 98 Va. 366; to taxes levied by a State: Supervisors v. Tallant, 96 Va. 723; to a law levying an internal revenue tax: Smith v. Waters, 25 Ind. 397; to an inheritance tax: Matter of Enston, 113 N. Y. 174. Such rule is undoubtedly applicable to laws and ordinances purporting to authorize the assessment of special taxes or benefits for public improvements.

The general rule is that the power of a municipality to take or place a burden upon the property of a citizen must be conferred by an unambiguous statute before that power can be exercised—if there be a fair and reasonable doubt as to the existence of such power such doubt must be resolved in favor of the taxpayer and against the municipality. [Chillicothe ex rel. v. Henry, 136 Mo. App. 468, l. c. 474; City of St. Louis v. Telephone Co., 96 Mo. 623; City of St. Louis v. Kaime &

Brother Real Estate Co., 180 Mo. 309, l. c. 322; City of St. Louis v. King, 226 Mo. 334, l. c. 345; and City of St. Louis v. Dreisoerner, 243 Mo. 217, l. c. 223.]

This rule, applied in determining what a law means, or what power it grants, does not militate against another well-known rule that the constitutionality of a law is presumed until the contrary is shown. A municipal law may be constitutional and yet void for uncertainty.

While there can be no doubt that the city of St. Louis, under its charter, possesses the power to open streets and assess benefits upon lands adjacent thereto to defray the expense of establishing such streets, the issue confronting us is: Has the city enacted an or-dinance sufficient for that purpose? The ordinance does ordain that a "public highway" shall be estab-lished at a stated place, but, as we have seen, the words "public highway" embrace a boulevard, as well as a street. This leaves a substantial doubt as to whether the Municipal Assembly intended, by the or-dinance hereinbefore set out, to establish a street—this doubt is augmented by the use of the word "boule-vard" in the ordinance itself, so that we are forced to the conclusion that the ordinance did not, either expressly or by necessary implication, empower the city to establish a street and assess benefits against the lands of appellants to defray the expense thereof; consequently, the appellants' motion to arrest the judg-ment should have been sustained, and the failure to do so constituted reversible error.

The petition contains a plat showing that at or near the eastern terminus of the proposed highway is a private place misnamed "Kingsbury boulevard," and respondent contends that the thoroughfare sought to be established by this action is an extension of said misnamed boulevard. That private place from which the public is or may be excluded, may have been the cause of designating the intended thoroughfare as a

boulevard, but we are unable to see how this helps the respondent. The ordinance as enacted either authorizes the construction of a boulevard, or is void for uncertainty. It is unnecessary to determine whether the ordinance is sufficient to warrant the establishment of a boulevard in fact, because respondent concedes that the purpose of this action is to establish a street, and further concedes that the establishment of a boulevard would not warrant the assessment of benefits for which judgment was given in this case.

II. Whether the notice to landowners of the time and place fixed by the commissioners to hear objections to the awarding of damages and assessment of benefits was published for a sufficient length of time before said hearings were had; whether said notice was issued by the proper officer, and whether the appellants are in a position to raise that issue in this appeal, we need not decide, because a different notice may be given in the next action of this character which comes before us; but we shall take the liberty to admonish respondent of the oft-repeated rule that statutes authorizing substituted service are always strictly construed. A notice as good as, or equivalent to, the one required by the statutes will not do. The very notice which the law prescribes must be given. [Young v. Downey, 150 Mo. 317, l. c. 328.]

Notice to Landowners.

III. In view of the fact that other proceedings may be instituted to establish streets in St. Louis, it is appropriate for us to pass upon the jurisdictional questions tendered by appellants, who assert that, under the rule of law announced by this court in the case of City of St. Louis v. Brinckwirth, 204 Mo. 280, the circuit court could not acquire jurisdiction to render final judgment against defendants for the alleged benefits assessed against

Jurisdiction.

their lands, and that execution cannot issue for such benefits. The Brinckwirth case is quite unlike the one now before us.

Section 2, article 6, of the charter of St. Louis, provides that lands may be condemned for the construction of streets by suits in the circuit court against the owners of lands thus sought to be taken or injured. [Revised Code of St. Louis, 1912 (Rombauer), p. 356.]

Section 3, article 6, of said charter also provides that the defendants in said action shall be served with process.

Section 4, article 6, further provides for the appointment, by the circuit court, of three commissioners with power to award damages for property taken or injured.

Section 5, article 6, of said charter authorizes the commissioners before named to fix the boundaries of a district within which all lands shall be assessed with benefits to pay the damages awarded to persons whose lands will be taken or injured for the construction of the proposed street. Said section also provides that said commissioners shall file in the circuit court by which they were appointed a report showing the benefits assessed against lands which in their opinion will be benefited by the opening of such street, and that the amounts so assessed shall, ''when the report of the commissioners shall be confirmed by the court, as hereinafter provided, be prima-facie evidence of the liability of the property charged therewith to the extent and amount therein specified, and shall be and remain until paid, a lien from the date of final judgment of the circuit court on the property so charged, and shall be collected as provided by ordinance.'' [Revised Code of St. Louis, 1912 (Rombauer), p. 359.]

Said charter seems to make no provision for notifying persons whose lands are included in the benefit district that their property has been or will be assessed to pay the costs for condemning lands for

streets, but under our organic law it is clear that such a notice is imperative. [George v. Middough, 62 Mo. 549; State ex rel. v. Walbridge, 119 Mo. 383, l. c. 395; State ex rel. v. Holtcamp, 245 Mo. 655, l. c. 670.]

The aforesaid charter provides that persons against whose lands benefits have been assessed may except to the report of the commissioners and thereby secure in such circuit court a review of such assessments.

By section 1069 of the Ordinances of St. Louis, 1912, (Rombauer, p. 759), it is made the duty of the city counselor to give five days' notice by publication of the time and place where the commissioners before mentioned will sit to hear landowners whose property will be affected by the assessment of benefits, as designated in the charter, which notice must, moreover, specify the boundaries of the district or territory within which such benefits will be assessed.

While five days is a short time in which to give notice of a proceeding to fix liens on real estate, we are convinced that such notice is due process of law, and is sufficient to give jurisdiction of the persons against whose lands benefits will be assessed, and to authorize the circuit court to approve the report of the commissioners if no exceptions thereto be filed. [State ex rel. Coleman v. Blair, 245 Mo. 680, l. c. 695-6, and cases there cited.]

This class of notice was expressly held to confer jurisdiction in cases of this character in the able opinion by GRAVES, J., in St. Louis v. Calhoun, 222 Mo. 44, l. c. 53. This opinion was written by the same learned jurist who wrote the Brinckwirth case, and settles, adversely to the contention of appellants, the sufficiency of the five days' notice required by the ordinance of St. Louis.

Thus finding that the publication of the five days' notice prescribed by section 1069, Ordinances of St. Louis, would give the commissioners jurisdiction to

assess benefits and confer upon the circuit court jurisdiction to approve their report and render judgment thereon, it follows that such judgment when entered is final and not subject to collateral attack.

The aforesaid charter specifically provides that the circuit court upon the filing of the report of the commissioners, and the hearing of exceptions thereto, if any be filed, may render final judgment for such benefits. The specific power granted by the charter to the circuit court to enter final judgments for benefits implies the power to make such benefits effective by the issue of execution thereon, there being no constitutional inhibition against the issue of such execution, so that the contention of appellants that no final judgment can be rendered in this class of cases, and that no execution can be issued thereon, is entirely untenable.

However, section 5, article 6, of the aforesaid charter, provides that the judgment for benefits may be collected as provided by ordinance. Under such a charter provision it seems that it would have been possible for the Municipal Assembly to have prohibited the collection, by execution, of benefits for opening streets, but instead of doing so it has enacted an ordinance which contains the following provisions:

"Section 880. The benefits against property as adjudged by the final action of said circuit court in such condemnation proceeding shall be paid into the city treasury; such benefits if paid within sixty days after the ordinance appropriating the money to pay the damages assessed by said final action shall take effect may be paid without interest, but if not paid within sixty days, interest at the rate of six per cent per annum from the taking effect of such ordinance shall be added to the amount of such judgment. If the benefits assessed are not paid or satisfied as provided by charter or ordinance, they shall be collected

by either execution or suit upon such final judgment confirming the same.''

Under the charter provisions and ordinance before quoted there exists no substantial ground for appellants' contention that final judgment cannot be rendered for benefits in this class of cases, nor is there any ground for contending that execution cannot issue on such a judgment.

In the recent case of State ex rel. v. Seehorn, Judge, 246 Mo. 568, the power of the State to delegate to a municipal assembly through its charter the right to enact ordinances regulating the procedure in suits respecting municipal business was approved.

Section 9, article 6, of the Charter of St. Louis (Revised Code of St. Louis, 1912, Rombauer, p. 362) provides that when the city shall ''withdraw'' (discontinue) proceedings instituted to open streets, such proceedings shall not again be instituted for a period of ten years. While the present action must result in a failure to establish a street, such failure is not equivalent to a voluntary dismissal of the proceedings.

Therefore, for the reasons designated in the first paragraph of this opinion, the judgment of the circuit court in this cause will be reversed, without prejudice to respondent to institute another suit without waiting ten years, if it be so advised. It is so ordered.

*Walker, P. J.,* and *Faris, J.,* concur.