**THE GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**KENT WEBSTER, Defendant**

Traffic Case No. 1016-1967

Municipal Court of the Virgin Islands

Dist. of St. Thomas and St. John

May 26, 1967

PETER J. O'DEA, ESQ., First Assistant Attorney General, Charlotte Amalie, St. Thomas, Virgin Islands, *for Government*

ALEXANDER FARRELLY, ESQ., Birch, Maduro, DeJongh & Farrelly, Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant*

HOFFMAN, *Municipal Judge*

## MEMORANDUM OPINION

This case came on for trial on May 10, 1967, with the Government resting its case on the Deposition of the injured party, Mrs. Edith Wellman, who had returned to the United States by the time of trial. The defense moved for a judgment of acquittal on a point that will be discussed below, reserving the right to make objections to the substance of the Government's Deposition and to put on evidence, should the Court's ruling be adverse.

The prosecution was initiated by a Police Summons No. 7291, charging the Defendant with "careless driving by reversing without first observing that the road was clear thereby hitting a pedestrian, knocking her to the ground while upon a public highway, namely at ... Red Hook Dock."

It is conceded by both the Government and the defense that the phrasing of the Summons was not totally accurate and that "careless driving" should have instead been "Negligent Driving" thus conforming with Section 503 of Title 20, Virgin Islands Code:

Sec. 503. Operating Motor Vehicle In Negligent Manner:

"It shall be unlawful for any person to operate a motor vehicle in a negligent manner over and along the public highways of this Territory. For the purpose of this section to 'operate in a negligent manner' means the operation of a vehicle upon the public highways of this Territory in such a manner as to endanger or be likely to endanger any person or property. The offense of operating a vehicle in a negligent manner shall be considered to be a lesser offense than, but included in, the offense of operating a vehicle in a reckless manner, and any person charged with operating a vehicle in a reckless manner may be convicted of the lesser offense of operating a vehicle in a negligent manner."

Red Hook Dock is owned and maintained by the Government of the Virgin Islands for the general use of the Public for private and commercial purposes. A reading of the Government's Deposition indicates that the accident happened on the dock itself, rather than upon the road leading to it. Counsel for the Defendant asks us to rule that under these circumstances, the Negligent Driving, if any, did not occur "over and along the Public Highways of this Territory."

The decisions go both ways, some holding that a dock or a wharf is to be considered a "Public Highway" and thus, subject to the exercise of the Police power, as upon a Public Highway. Corbaley v. Pierce County, 74 P.2d 993; State v. Superior Court, 124 P.127; Palen v. Ocean City, 72 A. 947.

Others lead to a contrary result. O'Sullivan v. Brown, 171 F.2d 199; People v. La Duc, 46 N.W.2d 442; Hafner v. St. Louis, 172 S.W. 28.

Furthermore, the Courts seem to have had some difficulty in what would appear to be a less complicated task of statutory construction. See, for instance, the annotation in 54 A.L.R. 1252 which discusses whether a "street" or a "road" is to be treated as a "Public Highway."

The Court is not unmindful of its obligations and responsibilities when dealing with the assignment of meaning to a penal statute. 1 Wharton's Crim. Law Sec. 16 to 19, 50 Am. Jur. Statutes.

Common sense and empirical knowledge indicate that there is a definite distinction between what would commonly be considered a "Public Highway" and a dock, pier, path, driveway, private road, etc. For the purposes of interpreting this penal provision, we must reject the generic definition of highway which includes "all kinds of public ways, whether carriage-ways, bridle-ways, footways, . . . railroads, canals, ferries, or navigable rivers." City of St. Louis v. Bell Place Realty Co., 168 S.W. 721, 722. The Court is inclined to the proposition that under the facts in this case, the dock in question is not a Public Highway, even though vehicles may frequently drive on it to load and unload. We are assisted to this conclusion by the fact that the Negligent Homicide Statute, 20 V.I.C. 504, does not contain the same "Public Highways" provision, but is presumably a blanket prohibition with no specific geographical restrictions.

■ This Court will not attempt to define what a "Public Highway" may or may not be within the contemplation of this particular penal provision, but we hold that the Red Hook Dock is not a "Public Highway" within the purview of 20 V.I.C. 503. Should the Legislature desire to broaden the scope of the Statute by omitting the phrase "Public Highway" as was done in 20 V.I.C. 504, or by specifically listing additional places where negligent driving is proscribed, it may do so. This, however, is not the function of this Court.