**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**LEE KELBERT, Defendant**

Traffic Nos. 153-1969, 8716-1969

Criminal Nos. 1745-1969, 1746-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

July 27, 1970

WILLIAM W. BAILEY, Attorney (BAILEY, WOOD & ROSEN-BERG), St. Thomas, V.I., *for the defendant*

ARNOLD M. SELKE, Assistant Attorney General, St. Thomas, V.I., *in behalf of the Government*

HOFFMAN, *Municipal Judge*

## OPINION

The incidents in dispute occurred on the Macadam Road paralleling the main entrance to the Truman Airport in

St. Thomas. The defendant contends that he may not be convicted of the motor vehicle infractions that he has been charged with violating because he contends this road is not a public highway.

We hold that the area in question is open to and used by the public and that a person operating a vehicle in this area is within the purview of 20 VIC § 497 and 20 VIC § 503 and subject to these provisions. In statutes such as these it is well settled that the word "highways" is to be used in its popular rather than its technical sense so as to apply to all roads travelled on by the public. State v. Bartlett, 394 SW2d 434. Phillips v. Henson, 30 SW2d 1065. Kelly v. Lahey, 235 SW2d 177. The area here involved is certainly a "road travelled on by the public" so as to fall within the scope of both statutes.

Our holding in this case is in no sense inconsistent with our holding in Government of the Virgin Islands v. Kent Webster, 6 VI 28 (1968). In that case this Court held that the Red Hook Dock was not a "public highway" within the purview of 20 VIC § 503. On page 30 of the Webster Case this Court was careful to point out that "the accident happened on the dock itself, rather than upon the road leading to it."

The legislation creating the Port Authority (29 VIC § 531 et seq.) although broad in scope does not appear to delegate to this agency police powers which would enable it to determine traffic violations and establish penalties for the same. In view of this holding and the concession by the Government that the no parking sign with which we are here concerned was posted by the Port Authority and not the Police as was testified to at the trial, the Court must dismiss Traffic Case No. 8716-1969. The defendant's conduct, however, in flaunting the officer's admonition not to park—regardless of his expressed reasons—is not to be condoned. It was the duty of the defendant to obey the

435

officer's command to move. Had the defendant been charged with disregarding a policeman's lawful order (20 VIC § 491 (b) ) he could have been found guilty.

■ After due deliberation the Court further finds the defendant not guilty in: Criminal No. 1745-1969; Criminal No. 1746-1969; and in Traffic No. 153-1969. From the totality of the evidence adduced at the trial of these cases, the Court cannot in good conscience find that the Government has sustained its burden of establishing beyond a reasonable doubt that the defendant was guilty of negligent driving or of aggravated assault and battery.