**BEATRICE CINTRON, Plaintiff**

**v.**

**VIRGIN ISLANDS PORT AUTHORITY, Defendant**

Civil No. 1235/1980

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

November 19, 1981

RICHARD HUNTER, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

BRITAIN BRYANT, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Defendant has moved for summary judgment on the basis that the Virgin Islands Port Authority is a governmental entity amenable to suit solely by virtue of the Tort Claims Act, 33 V.I.C. §§ 3401–3413. Since the requirements for filing suit against the Government were not followed in this case, defendant contends that the action should be dismissed.

■ ■ Title 29 V.I.C. §§ 531–579 is the legislative enactment

establishing the Virgin Islands Port Authority, with § 541(e) defining its status. "The Authority hereby created is and shall be a governmental instrumentality subject, . . . to the control of the aforementioned members, . . . but it is a corporation having legal existence and personality separate and apart from the Government and the officers controlling it." Section 543(4) enumerates as one of the powers of the Port Authority the ability to sue and be sued in its *corporate* name. Defendant asserts that § 578, as amended in 1980, makes the Tort Claims Act applicable to the Port Authority. To accept defendant's position would be reading far more into the enactment than the Legislature intended. The new § 578 states that "[n]othing in this Chapter shall be construed as exempting the Virgin Islands Port Authority from any law made specifically applicable thereto or generally applicable to independent instrumentalities of the Government . . . ." The Tort Claims Act was not made specifically applicable to the Port Authority, and neither has it been found applicable to independent instrumentalities of the Government. Cf. Concepcion v. Cruz Soto, 12 V.I. 200, 203 (3d Cir. 1975) (Tort Claims Act did not change Water & Power Authority's exemption from judicial process). To hold that the Tort Claims Act applies to the Port Authority would defeat the plain meaning of the language of § 541(e) and § 543(4). There is no evidence that the Legislature contemplated such a change, and absent a clear intention to the contrary, none will be read into it.

Accordingly the Motion for Summary Judgment is denied.