**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**JOAN SAGAR, Defendant**

Case No. 2986/1995

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 13, 1997

WILLIAM K. EVANS, ESQ., (Assistant Attorney General), St. Thomas, U.S.V.I., *for Plaintiff*

JOAN SAGAR, PRO SE DEFENDANT, St. Thomas, U.S.V.I.

HOLLAR, *Judge*

## MEMORANDUM OPINION

This matter is before the Court on a traffic citation issued to the defendant Joan Sagar for unlawful parking at Cyril E. King Airport. The threshold issue presented is whether V.I. Code Ann. tit. 20, § 497 *et seq.* and V.I. R. & Regs. tit. 20, §§ 491-51 *et al.*, govern parking at Cyril E. King Airport. For reasons discussed below, this Court rules in the negative and will therefore dismiss the citation issued against the defendant.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 27, 1994, at approximately 2:00 p.m., Corporal Paulette Bell, of the Virgin Islands Police Department, placed a "Uniform Traffic Ticket" on the windshield of a beige, four door, 1994 Honda, license plate No. T-21131, which was parked at the Baggage Claim Area of the Cyril E. King Airport. The vehicle was registered to Joan C. Sagar.

The ticket read, in pertinent part:

On the 27th day of December 1994 at 2:00 p.m., Sagar, Joan C.,[1] of 209 Anchorage, St. Thomas, Virgin Islands, *did unlawfully* park Motor Vehicle (Reg. No.) T-21131, of the Virgin Islands, Make: Honda; Yr. '94; Body Type: 4 door; Color: Beige; *upon the public highway,* namely at: (Location): Cyril E. King Airport at Baggage Claim.

Citation will be issued if not paid by court date 1-04-95. Other Violations: No Parking - Loading & Unloading Only. *Other Parking Violation: 20 V.I.C. 497.*

Cpl. P. Belle #31

The defendant Joan C. Sagar did not pay the ticket by January 4, 1995, but instead appeared in Traffic Court on March 8, 1995 without counsel, pleaded "not guilty" to the charges set forth on the traffic ticket, and proceeded to trial on the merits.

At the hearing, the Government called Corporal Paulette Bell, who testified that she was employed by the Virgin Islands Police

---

[1] The registered owner of a vehicle automatically becomes the defendant when a vehicle is alleged to be unlawfully parked and no one is in the vehicle.

Department and was assigned to a tour of duty on December 27, 1994 between 10:00 a.m. and 4:00 p.m. at Cyril E. King Airport. At approximately 2:00 p.m. on that day, after walking between the toll booth and Gate 10 at the airport, Officer Bell observed vehicle T-21131 parked adjacent to a median, located parallel to the baggage area. Two signs were posted north of the area where T-21131 was located. One sign reflected the international symbol for "no parking." Another sign, posted further north, stated, "no parking load and off-load."[2] A portion of the curb on the median, beginning at the international "no parking" sign and extending north past the no parking loading zone only sign, was painted yellow. The portion of the curb, however, where T-21131 was parked, was unmarked and devoid of any yellow paint.

Corporal Bell placed a ticket conspicuously on defendant's vehicle for unlawful parking in a restricted area because vehicle T-21131 had stopped and was not being loaded or unloaded. In addition, the engine was not running, the keys were not in the ignition, and no one was in the vehicle or the immediate vicinity. In justifying the issuance of the ticket, the officer was adamant that the signs posted in the airport were erected by the Department of Public Works at locations directed by the Virgin Islands Port Authority but regulated by the Virgin Islands Police Department.

Under cross examination, Officer Bell could not articulate what constituted permissible loading and unloading, how much time was permitted for such, and whether the "no parking — load and off-load only" sign and/or the "no parking" sign were applicable to the defendant's vehicle. Additionally, the officer was unable to unequivocally state that defendant's vehicle was parked on a yellow line.

At the close of the Government's case-in-chief, the Court continued the case and issued a subpoena *duces tecum* for the Executive Director of the Virgin Islands Port Authority (hereinafter "VIPA") or his designee to appear before the Court at the next scheduled hearing with various requested documents, to assist the Court in determining under whose jurisdiction parking regulations at Cyril E. King Airport rest.

---

[2]No arrows appeared on either sign.

On the continued date, Don C. Mills, Esq., General Counsel for the VIPA, appeared on behalf of the Executive Director. Attorney Mills readily acknowledged that police powers have been conferred upon the VIPA, that the VIPA has its own enforcement personnel and that VIPA has its own rules and regulations insofar as the parking of vehicles at the airport terminal is concerned. Contrary to the contentions made by Corporal Bell, Attorney Mills testified that the signs in the airport terminal were erected by the Maintenance Department of the VIPA, at the direction of the Executive Director, in conjunction with the Director of Operations, Director of Engineering and the Airport Manager of VIPA.

## II. DISCUSSION

■ Cyril E. King Airport is located in St. Thomas, U.S. Virgin Islands and is owned, operated, and managed by the Virgin Islands Port Authority.[3] The VIPA is an entity, created by subsection 541(e) of Title 29, Virgin Islands Code,[4] having a legal existence separate and apart from the government. *Cintron v. Virgin Islands Port Authority*, 18 V.I. 105 (Terr. Ct. St. C. 1981).

### A. Police Powers Conferred On The Virgin Islands Port Authority

The propriety of issuing traffic citations for motor vehicle infractions on Virgin Islands Port Authority property is not novel. In *Government v. Kelbert*, 7 V.I. 433 (Mun. Ct. St.T. & St.J. 1970), a traffic violation occurred on the Macadam Road, paralleling the main entrance to the Truman Airport[5] in St. Thomas. Although ruling that the road was a public highway within the purview of

---

[3] V.I. Code Ann. tit. 29, § 543 states in pertinent part:
"The purposes of the Authority shall be to establish, acquire, construct, develop and improve, *own, operate, and manage any and all types of air and marine terminals. . .*" (Emphasis Added).

[4] V.I. Code Ann. tit. 29, § 541(e) states in pertinent part:
"The Authority hereby created is and shall be a governmental instrumentality subject, as provided herein, to the control of the aforementioned members, acting in their capacity as members of the Governing Board thereof, but *it is a corporation having legal existence and personality separate and apart from the Government and officers controlling it.*" (Emphasis Added).

[5] Now Cyril E. King Airport.

V.I. Code Ann. tit. 20, §§ 497, 503, the court found that a pivotal "no parking" sign, which gave rise to the ultimate charge, was posted by the Port Authority *and not* the Police Department. In dismissing the traffic ticket, the court held that the legislation creating the Port Authority, V.I. Code Ann. tit. 29, § 531 *et seq.*, although broad in scope did not delegate to that agency any police powers which would enable it to determine traffic violations and establish penalties for the same.

Apparently, in an effort to codify the holding in *Kelbert*, the Legislature enacted section "550" of Title 20, Virgin Islands Code, by Act Nos. 2925 and 2930, approved *January 19, 1971* and *February 12, 1971* respectively, but "§ 550" was renumbered as "§ 552" to avoid conflict with existing section 550. Identical provisions were enacted by Act No. 2930 § 5.

V.I. Code Ann. tit. 20, § 552 states:

> "The provision of this chapter and its regulations relative to traffic shall be applicable to every driver of a motor vehicle in all parking areas open to the public, which parking areas shall be considered for the purposes of this chapter to be public highways."

In 1978, however, the Legislature amended § 543 of Title 29, Virgin Islands Code, to add paragraph (13), and in 1988, the provision was generally amended to confer police powers on the Port Authority.

V.I. Code Ann. tit. 29, § 543 (13) currently reads in pertinent part:

> ". . . . The Authority is granted and shall have and may exercise *all rights and powers* necessary or convenient for carrying out the aforesaid purposes, including but without limiting the generality of the foregoing, the following:. . .

> (13) *to have complete control and supervision of facilities and properties constructed or acquired by it, including police powers conferred on the Port Authority Enforcement Officers the authority to arrest persons, issue and enforce in the District or Territorial Courts of the Virgin Islands citations and warrants for violations of orders, rules and regulations and the*

*laws of the Government of the United States and the Government of the Virgin Islands, payable to the violations Clerk of the Territorial Court of the Virgin Islands;* and the power to determine the character of, and necessity for, all expenditures and the manner in which they shall be incurred, allowed and paid, and such determination shall be final and conclusive." (Emphasis Added).

■ Reading the 1988 amendment to Title 29 Virgin Islands Code § 543(13) in *para materia* with Title 20 Virgin Islands Code 552, the Court must conclude that the provisions of Chapter 45 of Title 20 Virgin Islands Code and its regulations relative to traffic must yield to the police powers and promulgated regulations of VIPA when airport and marine terminals are involved.

■ Despite the VIPA's complete control over its properties and the broad grant of police powers conferred on its enforcement officers,[6] including the issuance and enforcement of citations, the Police Department usurped that authority by assigning one of its officers to a tour of duty at Cyril E. King Airport on December 27, 1994 to regulate the parking at the facility. Moreover, the police officer assigned was neither trained nor knowledgeable of the VIPA's Rules and Regulations that governed parking at the airport. As a result, the officer erroneously issued a parking citation in reliance upon the Police Department's Rules and Regulations. Being totally misinformed regarding the regulating and enforcement authority for parking violations in the airport terminal, the officer was unable to establish beyond a reasonable doubt that the defendant violated any posted sign.

---

[6] According to VIPA's General Counsel, for purposes of simplicity, the VIPA does not have its own "in-house force", but instead hires police officers on a part-time basis to act as law enforcement officers for VIPA. This "moonlighting" situation was said to have been coordinated with the Virgin Islands Police Department so that police officers, acting as VIPA enforcement officers, were only paid if they were not on their regular shift as police officers or were on vacation. Corporal Bell indicated she was on duty as a police officer and not as a VIPA law enforcement officer at the time she issued the ticket on the defendant's vehicle on December 27, 1994.

## III. CONCLUSION

■ The Virgin Islands Port Authority, pursuant to V.I. Code Ann. tit. 29, § 543(13), has police powers and complete authority and power to regulate its properties, including the Cyril E. King Airport terminal. The police officer, who placed a traffic citation for unlawful parking on a vehicle registered to defendant at the Cyril E. King Airport on December 27, 1994, was completely unaware of VIPA's authority over its airport facility and VIPA's Rules and Regulations regarding parking at the facility. As a result, the Government of the Virgin Islands was unable to adduce evidence sufficient enough to meet its burden of proof regarding the citation. Accordingly, the traffic citation against the defendant shall be dismissed, and any lien placed against T-21131 in connection with the December 27, 1994 traffic citation shall be discharged.

DATED this 13th day of January, 1997.