**SUSAN MILLER, Plaintiff**

**v.**

**VIRGIN ISLANDS HOUSING AUTHORITY and GOVERNMENT OF
THE VIRGIN ISLANDS DEPARTMENT OF POLICE, Defendants
MILLER v. VIRGIN ISLANDS HOUSING AUTHORITY**

Civil No. 1998/0089

District Court of the Virgin Islands

Division of St. Croix

June 3, 2005

K. GLENDA CAMERON, ESQ., Law Offices of Rohn & Cameron, Christiansted, U.S. Virgin Islands, *For Plaintiff*

ANNA H. PAIEWONSKY, ESQ., The Bornn Handy Law Firm, St. Thomas, U.S. Virgin Islands, *For Defendant Virgin Islands Housing Authority*

ANGELA P. TYSON-FLOYD, ESQ., Department of Justice, Christiansted, U.S. Virgin Islands, *For Defendant Government of the Virgin Islands Police Department*

FINCH, *Chief Judge*

## MEMORANDUM OPINION

(June 3, 2005)

Defendants Virgin Island Housing Authority and the Government of the Virgin Islands Police Department seek dismissal of various counts of Plaintiff Susan Miller's Verified Complaint. Miller opposes dismissal of such counts, except for her claim that Defendants violated the Virgin Islands Wrongful Discharge Act, 24 V.I.C. §§ 76-79, which she concedes.

Defendants make the following contentions that can be resolved without review of the factual record that has been developed:[1] (1) Miller's Verified Complaint is too vague to state a claim for violations of various specific anti-discrimination laws; (2) the Virgin Islands anti discrimination statutes do not provide for a private cause of action for age or sex discrimination; and (3) Miller's claims for intentional and negligent infliction of emotional harm against Defendant Virgin Islands Housing Authority are barred by her failure to comply

---

[1] Defendants' arguments which depend upon whether there is a genuine issue of material fact are addressed in a separate opinion.

with the Virgin Islands Tort Claims Act, (VITCA), 33 V.I.C. §§ 3401-3418.

## I. Vagueness of the Verified Complaint

Defendants contend that Miller's Verified Complaint is insufficient to allege that they violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-633a ("ADEA") or specific statutory sections of the Virgin Islands code prohibiting discrimination. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff does not have "to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8(e) emphasizes that "[n]o technical forms of pleadings or motions are required." FED. R. CIV. P. 8(e). Finally, Rule 8(f) cautions that "[a]ll pleadings shall be so construed as to do substantial justice." FED. R. CIV. P. 8(f).

"Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47. The Rules do not require that a complaint include the particular statutory provisions underlying each count. *United States v. Jones*, 916 F. Supp. 383, 385 (D.N.J. 1995). All that the Rules require is that the complaint provide sufficient notice of the grounds upon which the claim is based. *Id.*

The Verified Complaint places Defendants on fair notice that Miller is charging them with age and sex discrimination. The Court finds that Miller's Verified Complaint meets the requirements of Rule 8(a), even without reciting the applicable statutory provisions.

## II. Availability of Private Cause of Action under Virgin Islands Laws Against Discrimination

Defendants seek dismissal of Count II of the Verified Complaint on the grounds that the Virgin Islands laws against discrimination do not afford Miller a private cause of action. Although chapter 1 of Title 10 enacted in 1961, which was interpreted in *Figueroa v. Buccaneer*, 188 F.3d 172, 181 (3d Cir. 1999) as providing a private cause of action, prohibits certain forms of discrimination, it does not apply to dis-

crimination based on age or sex or to discrimination by the Government of the Virgin Islands. *See Figueroa*, 188 F.3d at 179 (acknowledging that chapter 1 does not permit an action against the government). On the other hand, section 451 in chapter 17 of Title 24, 24 V.I.C. § 451, as well as section 64 in chapter 5 of Title 10, 10 V.I.C. § 64, both prohibit age and sex discrimination as well as other forms of discrimination in the employment context.[2] Since Miller alleges age and sex discrimination in violation of the Virgin Islands laws against discrimination, the Court is faced with the question of whether either of these two statutes creates a private cause of action.

If the Court were to focus on the contemporary legal context within which the legislature formulated such legislation it would be likely to conclude that the legislature did intend to create a private cause of action. However, as discussed further below, the Supreme Court has emphasized that the text of the statute itself should be the Court's guide in determining legislative intent when deciding whether to recognize a private cause of action. Thus, these two approaches lead to contrary conclusions.

## A. The Contemporary Legal Context Approach to Statutory Interpretation.

In 1964, the Legislature of the Virgin Islands enacted chapter 17 of Title 24, which prohibits discrimination specifically in employment. Section 451 details the unlawful employment practices. Chapter 17 gives

---

[2] Title 24 V.I.C. § 451(a) provides, in part:

(a) Notwithstanding the provisions of any other law, it shall be unlawful employment practice or unlawful discrimination:

(1) For an employer to refuse to hire or employ or to bar or discharge from employment, any individual because of his race, sex, age, religion, color or ancestry ...;

(2) For an employer to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment because of race, sex, age, religion, color or ancestry;

Title 10 V.I.C. § 64(1)(a) provides:

(1) It shall be an unlawful discriminatory practice:

(a) For an employer, because of age, race, creed, color, national origin, place of birth, sex and/or political affiliation of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges or employment.

the Department of Labor jurisdiction over the subject of employment practices and provides a procedure for filing a complaint, having a hearing, and obtaining employment-related relief. 24 V.I.C. § 452. A party may seek judicial review of a final order of the Department of Labor. 24 V.I.C. § 457.

Chapter 17 was enacted in a "contemporary legal context" in which private causes of action were the norm, rather than the exception. *See Cannon v. University of Chicago*, 441 U.S. 677, 698-99 (1979). In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cumin*, 456 U.S. 353, 378-79 (1982), the Supreme Court held that legislative intent must be interpreted in light of the state of the law at the time a statute is adopted:

> In determining whether a private cause of action is implicit in a federal statutory scheme when the statute by its terms is silent on that issue, the initial focus must be on the state of the law at the time the legislation was enacted. More precisely, we must examine Congress' perception of the law that it was shaping or reshaping.

Until 1975, the federal courts, following a common law tradition, regarded the denial of a remedy as the exception rather than the rule. *Jacobs v. Pabst Brewing Co.*, 549 F. Supp. 1050, 1055 (D. Del. 1982) (reviewing the development of Supreme Court law on implied private causes of action). If a statute was enacted for the benefit of a special class, a remedy was recognized for members of that class. *See Texas & Pacific Co. v. Rigsby*, 241 U.S. 33, 39-40 (1916). In *Texas & Pacific Co. v. Rigsby*, the Court stated:

> A disregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied, according to a doctrine of the common law expressed in 1 Comyn's Dig. title, 'Action upon Statute' (f), in these words: 'So, in every case, where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of a wrong done to him contrary

to the said law.' (Per Holt, Ch. J., Anonymous, 6 Mod. 26, 27.) This is but an application of the maxim, *Ubi jus ibi remedium.*[3]

*Id.* at 39-40. The Supreme Court's liberal recognition of implied private causes of action as of 1964 is evidenced by its decision that year in *J.I. Case Co. v. Borak,* 377 U.S. 426, 433 (1964), holding that intended beneficiaries of statutory provisions were entitled to maintain a private cause of action. Prior to 1975, the Supreme Court "did not find Congressional silence or ambiguity to be an important reason for denying a remedy to a member of the class for which a statute was enacted to protect." *Jacobs,* 549 F. Supp. at 1055 (collecting cases).

The Legislature of the Virgin Islands was aware of the status of law on implied private causes of action in 1964 when it acted. *See Cannon,* 441 U.S. at 696-97 (observing that "it is always appropriate to assume that our elected representatives, like other citizens, know the law"). Therefore, if it were proper to apply the contemporary legal context approach to determining legislative intent, the Court would infer that when the Legislature adopted 24 V.I.C. § 451, it intended to allow a plaintiff to bring a private cause of action against a violator of that statute.

## B. The Cort v. Ash Approach to Statutory Interpretation

The Supreme Court has disapproved the line of cases emphasizing the importance of determining legislative intent by looking beyond the statute itself. In *Alexander v. Sandoval,* 532 U.S. 275, 287 (2001), the Court abandoned the view in *J.I. Case Co. v. Borak,* 377 U.S. 426, 433 (1964) that "it is the duty of the courts to be alert to provide such remedies as are necessary to make effective the congressional purpose." The Court emphasized: "Having sworn off the habit of venturing beyond Congress's intent, we will not accept respondents' invitation to have one last drink." *Alexander,* 532 U.S. at 287.

The Supreme Court also disavowed any cases implying that dispositive weight should be given to the "expectation that the enacting Congress had formed in light of the contemporary legal context," specifically renouncing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 378-79 (1982) and *Cannon,* 441 U.S. at 698-99.

---

[3] *"Ubi jus ibi remedium"* means "[w]here there is a right, there is a remedy." BLACK'S LAW DICT. (6th Ed.) at 1520.

*Id.* at 288 (quotation omitted). The Court explained: "We have never accorded dispositive weight to context shorn of text. In determining whether statutes create private rights of action, as in interpreting statutes generally, legal context matters only to the extent it clarifies text." *Id.* (quotation omitted).

In conformance with the Supreme Court directives, the Court will not determine legislative intent by examining the contemporary legal context and will not attempt to judicially fill any interstices in the Virgin Islands laws against discrimination. Rather in deciding whether such laws create a private cause of action, the Court will apply a modified version of the test adopted in *Cort v. Ash*, 422 U.S. 66 (1975).

In *Cort v. Ash* the Supreme Court established a four-prong test for determining whether there may be an implied private right of action in the face of legislative silence. 422 U.S. at 78. Under this test, a cause of action could be inferred from a federal statute only if: (1) the plaintiff is one of the class for whose benefit the statute was enacted; (2) some indication of legislative intent, explicit or implicit, suggests a legislative intent to create a private remedy; (3) implying a remedy for the plaintiff would be consistent with the underlying purposes of the legislative scheme and (4) "the cause of action is not one traditionally relegated to state law, in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law." *Id.*

The fourth fact has no application in construing a territorial statute. Therefore, the Court will apply only the first three factors of *Cort v. Ash* in determining whether a private right of action may be implied from a territorial statute. However, these three factors do not have equal weight; the central inquiry is whether the Legislature intended to create a private cause of action. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979). Thus, the Court focuses on the second prong, beginning its search for legislative intent with the text and structure of the statute itself. See *Alexander*, 532 U.S. at 287 (beginning and finding that it could end with text and structure of statute).

Miller complains of sex and age discrimination and thus, is one of the class for whose special benefit the statute was enacted, satisfying the first *Cort* prong. As to the second and most critical prong, the Court does not write on a clean slate. The Third Circuit has reviewed the statutory text in considering whether the legislature intended that a private cause of

action be available for violation of the discriminatory practices proscribed in 24 V.I.C. § 451 and 10 V.I.C. § 64.

In *Nickeo v. Virgin Islands Telephone Corp.*, 42 F.3d 804, 808 (3d Cir. 1994), the court noted that chapter 17 of Title 24 "not only limits judicial review to persons aggrieved by a final order of the agency, but also states that no objection that has not been urged before the agency shall be considered by the court unless the failure or neglect to urge such objection is excused because of extraordinary circumstance." (citations and quotations omitted). The court considered that 24 V.I.C. § 451 "explicitly requires that the administrative procedure be completed prior to obtaining judicial review." *Id.* Although the Third Circuit was not called upon to decide whether 24 V.I.C. § 451 created a private cause of action in Nickeo, the court reasoned that 24 V.I.C. § 451 does not create a private cause of action in the context of distinguishing chapter 17 of Title 24 from another employment-related statute which does create a private cause of action. While perhaps the Court's treatment of 24 V.I.C. § 451 in *Nickeo* is not binding precedent, it can hardly be dismissed as *obiter dictum.*

Similarly, in *Figueroa v. Buccaneer*, the Third Circuit assumed that chapter 5 of Title 10, §§ 61-75, did not provide for a private cause of action in analyzing whether the enactment of chapter 5 of Title 10 eliminated the private cause of action available under chapter 1 of Title 10. 188 F.3d at 177-81. According to the Third Circuit, the Virgin Islands legislature in 1974 enacted chapter 5 of Title 10 to create the Virgin Islands Civil Rights Commission and grant it "general jurisdiction and power" to combat discrimination. *Id.* at 177 (quoting 10 V.I.C. § 61). Chapter 5 provides a mechanism for those aggrieved by the discriminatory practices listed in 10 V.I.C. § 64 to file a claim with the Commission, which is then obligated to investigate the claim and issue appropriate orders. *Id.* (citing 10 V.I.C. §§ 71-72). The Third Circuit would not have had to reach the question of whether the creation of the Commission by chapter 5 eliminated the availability of a private cause of action under chapter 1, if it had not assumed or concluded that chapter 5 does not impliedly or expressly create a private cause of action.

 With these Third Circuit decisions as guidance, the Court agrees that if the Legislature had intended to create a private cause of action for pursuing relief from the discriminatory practices identified in 24 V.I.C. § 451 and 10 V.I.C. § 64, it should have done so "in clear and

unambiguous terms." *See Gonzaga v. Doe*, 536 U.S. 273, 291 (2002). The Court recognizes that the result of holding that a civil action cannot be brought directly in court for violation of 24 V.I.C. § 451 or 10 V.I.C. § 64 means that only those who experience discrimination based on race, color, national origin, or creed, by an entity other than the Government of the Virgin Islands, may bring a civil action for damages. Despite this dichotomy between these four protected classes and sex and age discrimination, the Court will not engage in re-formulating the laws of the Territory of the Virgin Islands, but will leave that task to the Legislature.[4] *See Alexander*, 532 U.S. at 286-87 (cautioning that judiciary should not fashion private causes of action, "no matter how desirable that might be as a policy matter, or how compatible with the statute," absent statutory intent).

### III. Miller's Compliance with the Virgin Islands Tort Claims Act

Defendant Virgin Islands Housing Authority (VIHA) asserts that this Court must dismiss Miller's claims for negligent and intentional infliction of emotional distress against it because she failed to comply with the Virgin Islands Tort Claims Act, (VITCA), 33 V.I.C. §§ 3401-3418. Miller responds that the Legislature waived VIHA's sovereign immunity and therefore it may be sued without compliance with the VITCA.

Section 2(b) of the Revised Organic Act of 1954 states that "no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act." The Legislature of the Virgin Islands created VIHA as a public body corporate and politic of the Virgin Islands with the power to sue and be sued. 29 V.I.C. §§ 31, 35(3). In *Greaux v. Government of the Virgin Islands*, 14 V.I. 160, 164 n.3 (Terr. Ct. 1977), the Territorial Court of the Virgin Islands, now referred to as the Superior Court of the Virgin Islands, construed the "sue and be sued" provisions as constituting the consent of the legislature required under section 2(b) to waive the VIHA's tort immunity. *See also Cintron v. Virgin Islands Port Authority*, 18 V.I. 105, 106 (Terr. Ct. 1981) (holding that Virgin Islands Port Authority, which may sue and be

---

[4] The Court overrules its prior decision in *Ramos v. St. Croix Alumina. L.L.C.*, 277 F. Supp. 2d 600 (D.V.I. 2003).

sued, is amenable to suit even without compliance with VITCA). The Court agrees with this reasoning. Because the VIHA's immunity was legislatively waived, except for the limitations on recovery imposed by 29 V.I.C. § 87, Miller is not required to comply with the VITCA to sue the VIHA for its tortious conduct.

## IV. Conclusion

The Court identified several issues raised in Defendants' Motions for Summary Judgment that could be addressed as a matter of law without engaging in a review of the record. For the reasons stated, the Court finds that Miller's Complaint is not so vague as to preclude her from pursuing a claim for violation of the Age Discrimination in Employment Act. The Court must dismiss Miller's claims that Defendants discriminated against her based on her age and sex under the laws of the Virgin Islands because the Virgin Islands anti-discrimination laws do not provide for an private cause of action for either age or sex discrimination. Finally, Miller did not have to comply with the Virgin Islands Tort Claims Act to bring claims against Defendant VIHA for negligent and intentional infliction of emotional distress.