**ROLAND HERMAN, Plaintiff**

**v.**

**HOVENSA, LLC, and JACOBS/IMC, LLC, Defendants**

SX-00-CV-184

Superior Court of the Virgin Islands

Division of St. Croix

August 7, 2007

GLENDA K. CAMERON, ESQ., Law Offices of Rohn & Cameron, PC, Christiansted, VI, *Attorney for Plaintiff.*

WILLIAM J. GLORE, ESQ., St. Thomas, VI, *Attorney for Defendant Jacobs IMC.*

CARL BECKSTEDT III, ESQ., Bryant, Barnes, Moss & Beckstedt, LLP, St. Croix, VI, *Attorney for Defendant Hovensa, LLC.*

D'ERAMO, *Judge*

## MEMORANDUM OPINION AND ORDER

### (August 7, 2007)

This matter came before the Court on a Motion to Dismiss Complaint filed by Defendant Jacobs/IMC, LLC. The Motion was granted without opposition by an Order dated October 19, 2001, which was vacated by stipulation of the parties. The matter is now fully briefed.

### 1. The Complaint

The Complaint in the instant case alleges that Plaintiff Roland Herman was an employee of Jacobs, that his work was supervised by HOVENSA, and that he was injured in the course and scope of his employment. The Complaint then alleges two counts. Count I alleges that the negligence of Defendants cause Herman injury, including physical injury. Count II alleges that Jacobs wrongfully prevented Herman from collecting workers' compensation benefits. Therefore, Herman alleges that Jacobs should not be able to assert the defenses of contributory negligence or assumption of risk, and should be subject to punitive damages. Paragraph 21 of the Complaint also alleges that Herman was wrongfully terminated as a result of his filing a workers compensation claim and was not rehired when he was medically released to return to work. However, neither the two counts of the Complaint nor the caption denominate the case as one of wrongful discharge.

### 2. The Motion to Dismiss

Although denominated Motion to Dismiss Complaint, the Motion is expressly brought pursuant to Rules 12(b)(6) and 56, and matters outside

of the pleadings are referred to and appended as exhibits. Thus, the Motion is, in substance, a motion for summary judgment, and will be treated as such.

The Motion asserts that Jacobs obtained a policy of insurance from the Government Insurance Fund as required by 24 V.I.C. § 272, which the Plaintiff does not dispute. Jacobs further claims that there is no cause of action under Virgin Islands law against an employer for failing to report an accident or to file an Employer's First Report because 24 V.I.C. § 257 provides that the failure of an employer to do so does not prejudice an employee's claim, and § 258 permits the employee to file his own claim. The Motion further asserts that Herman was never terminated by Jacobs.

### 3. Opposition to Motion to Dismiss

The Opposition to the Motion to Dismiss recounts the following series of interactions between Herman and members of the Jacobs medical staff:

> Plaintiff took Dr. Williams' disability slip to the nurse, filled out a Worker's Compensation report of injury pursuant to Section 258(a) of the Virgin Islands Workers' Compensation Act and requested that JIMC report the accident to Worker's Compensation in accordance with the law. Plaintiff was told by the nurse on duty at that time, Pearl Purcell, that she would contact him. Plaintiff called Nurse Purcell on Wednesday, February 2, 2000, to ensure that his papers would be submitted to Workmen's Compensation and was told that the Head Nurse was busy and would call him back. On Thursday, February 3, 2000, Plaintiff went to Workmen Compensation and was told that a report of his injury had not been filed. Plaintiff again called his employer on Friday, February 4, 2000, and spoke with Nurse Purcell who informed him that the paper-work regarding his injury had been sent to "safety" for review, but she did not believe that he would qualify for workman's compensation. Nurse Purcell also told Plaintiff that he would be contacted by his employer. However, Nurse Purcell did not report the injury to the Workmen's Compensation division until June 2, 2000.

These exchanges make it clear that Herman was, at least initially, sufficiently diligent to check on the status of his claim with the Workers' Compensation Administration ("WCA").

The Opposition further argues that the failure of the employer to report the accident or to file an Employer's First Report constitutes a separate

26

intentional tort that is not barred by § 284, and that this failure resulted in *de facto* prejudice to Herman's claim for benefits. The Opposition further argues that there are issues of fact with respect to whether or not Herman was terminated.

## Analysis

### 1. Overview of 24 V.I.C. Chapter 11

Title 24, Chapter 11 of the Virgin Islands Code creates a series of benefits and obligations for employers and employees in the Virgin Islands. A covered employer is obligated to secure the payment of compensation by insuring with the Government Insurance Fund created by 24 V.I.C. § 272. In return, the employer has the benefit of the exclusive remedy provision of § 284. The employee loses the right to maintain a common law action for torts other than intentional torts against his employer, but gains the benefit of a definite source of recovery for job related injuries. Chapter 11 imposes certain reporting requirements on the employee, such as the obligation to report injuries to their employer in writing, § 257(a). Certain reporting requirements are also imposed on the employer, including the obligation to file an employer's report of injury with the WCA within eight (8) days after the receipt of the written notice of injury from the employee, § 257(b). The failure of the employer to file a report of injury does not prejudice the claim of the employee, *id.* The employee may file their own claim, § 258. The claim must be filed within sixty days, § 258(a), although this time period may be extended for good cause, § 258(c). An insured employer may nonetheless be subject to penalties for violations of its obligations under Chapter 11, *see, e.g.* §§ 277, 279. An employee of an uninsured employer may either receive compensation pursuant to Chapter 11, or may elect to pursue a common law action against the employer, in which case the employer's property can be attached before judgment and the employer may not assert certain defenses, § 261.

### 2. Count I of the Complaint is barred by 24 V.I.C. § 284

█ Count I of the Complaint is a straightforward allegation that Herman was injured as a result of the negligence of "Defendants." Since there are only two defendants, Count I must necessarily attempt to state a claim against Herman's employer, Jacobs. It appears to be undisputed

that Jacobs had obtained Workers' Compensation coverage as required by 24 V.I.C. § 272. Therefore, Count I is barred by § 284 and will be dismissed as against Jacobs.

### 3. There is no cause of action under Virgin Islands law against an employer for failing to report an accident or to file an Employer's First Report

Count II alleges that Herman has a cause of action against Jacobs for failing to timely report his work-related accident to the Worker' Compensation division, which prevented him from collecting Workers' Compensation benefits. For the reasons set forth below, the Court holds that Virgin Islands law does not provide for such a cause of action.

In determining whether a Virgin Islands statute provides for a private right of action, three factors are considered: (1) whether the plaintiff is one of the class for whose benefit the statute was enacted; (2) whether there is some indication of legislative intent, explicit or implicit, suggests a legislative intent to create a private remedy; and (3) whether implying a remedy for the plaintiff would be consistent with the underlying purposes of the legislative scheme, *Miller v. VIHA*, 46 V.I. 623, 629 (D.V.I. 2002) (citing *Cort v. Ash*, 422 U.S. 66, 95 S. Ct. 2080, 45 L. Ed. 2d 26 (1975). Of these factors, the second is given the greatest weight, *Miller v. VIHA*, 46 V.I. at 629, citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979).

In this case it is clear that Herman is among the class that Chapter 11 was intended to benefit. As to the second prong, Title 24 V.I.C. Chapter 11 appears comprehensive in its efforts to regulate the manner in which compensation is provided for work-related injuries, and nowhere does it mention a private right of action against an employer for failing to report an accident or to file an Employer's First Report. As to the third prong, implying a remedy for the plaintiff would not be consistent with the underlying purposes of the legislative scheme, since the explicit language of § 257(b) states that failure of the employer to file a report of injury does not prejudice the claim of the employee. Thus, a private right of action

would grant a remedy where the statute provides that there are to be no damages.[1]

■■■ Thus this Court holds that there is no cause of action under Virgin Islands law against an employer for failing to report an accident or to file an Employer's First Report.[2] It is also worth noting that Herman did not continue to be diligent in pursuing his rights under Chapter 11. As set forth above, he could have filed his own claim pursuant to § 258. He could have followed the procedures outlined in the Notice of Denial of Workers' Compensation Claim that he received and requested an informative conference or an advisory meeting.[3] This is particularly important since his moving papers in the instant case appear to assert that the reason for the denial of his claim, that he did not advise his employer of his injury within 48 hours, was factually incorrect.

In light of the above, the Court will grant summary judgment to Jacobs on Count II of Herman's complaint. The Court therefore does not find it necessary to reach the issue of whether Count II would be barred by 24 V.I.C. § 284.

## 4. A Wrongful Discharge Claim is Preempted

As noted above, paragraph 21 of the Complaint alleges that Herman was wrongfully terminated as a result of his filing a workers compensation claim and was not rehired when he was medically released

---

[1] Herman cites the case of *Holloman v. Liberty Mutual*, 712 F.2d 1259 (8th Cir. 1983) for the proposition that he has a cause of action against Jacobs for failure to pay Workers' Comp benefits. The case is easily distinguishable. The South Dakota compensation act under which that case was decided provided for private insurance for the payment of such benefits. In that case, Liberty Mutual failed to pay an award of benefits despite its own in-house analysis concluding that the award was correct, and it was further alleged that the employer had conspired with Liberty Mutual to achieve that result. Thus, the cause of action was in the nature of one for bad faith insurance practices, *see Justin v. Guardian*, 670 F. Supp. 614, 23 V.I. 278 (D.V.I. 1987). In the instant case, the insurer is the Government Insurance Fund established by Chapter 11, the WCA makes the decision regarding benefits, the claim may proceed on the employee's own initiative, and there is no evidence that Jacobs even contested the claim.

[2] Herman also introduces the affidavit of the Assistant Director of the WCA which asserts that, even though § 257(b) specifically states that the failure of an employer to file a First Report does not prejudice the employee's claim, WCA procedures cause a contrary result. The Court will not impose liability on an employer for damages, if any, caused by an administrative agency adopting procedures that may be contravention of its enabling legislation.

[3] Exhibit 6 to Plaintiff's Opposition.

to return to work, although neither the two counts of the Complaint nor the caption denominate the case as one of wrongful discharge. Jacobs claims that Herman was never terminated. Herman submits an affidavit to the contrary. Jacobs also asserts that Herman was employed pursuant to a Collective Bargaining Agreement ("CBA") between it and the United Steelworkers of America Local 8248. Herman apparently does not contest the existence of the CBA.[4]

■ It is settled law that the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76 *et seq.* is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (a), *see Stafford v. HOVIC*, 133 F. Supp. 2d 384 (D.V.I. 2001). As a result, to the extent that Herman has pled a cause of action for wrongful discharge, it must be dismissed by this Court.

### Conclusion

For the reasons set forth above, Herman's claims against Jacobs are **DISMISSED WITH PREJUDICE.**

---

[4] The issue of the existence of the CBA appears to have been first raised in Jacobs' Reply Memorandum, filed on June 1, 2007. There has been no request by Plaintiff to submit an additional filing in response to this issue, and therefore the Court will assume that it is un-contested.