**MONICA CANONIER, Plaintiff**

**v.**

**MAHOGANY RUN CONDOMINIUM ASSOCIATION, INC., and MATTHEW PROSPER, Defendants**

Civil No. ST-09-CV-390

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

February 7, 2011

DAVID A. BORNN, ESQ., GREGORY ADAM THORP, ESQ., The Bornn Firm, PLLC, St. Thomas, USVI, *Counsel for Plaintiff Monica Canonier*.

DENISE FRANCOIS, ESQ., Hodge & Francois, St. Thomas, USVI, *Counsel for Defendant Mahogany Run Condominium Association, Inc.*

CARROLL, *Judge*.

## MEMORANDUM OPINION

(February 7, 2011)

In a Motion to Dismiss, Defendant Mahogany Run Condominium Association, Inc., contends that this matter should be dismissed because the action is barred by the two-year statute of limitations[1] and because the Complaint fails to state a claim upon which relief may be granted,[2,3] The Court finds that the Complaint sufficiently alleges facts to support a

---

[1] V.I. CODE ANN. tit. 5, § 31 (5)(A) (1997).

[2] FED. R. CIV. P. 12(b)(6). The Federal Rules of Civil Procedure govern the practice and procedure of the Superior Court to the extent that they are not inconsistent with the Rules of the Superior Court. SUPER. CT. R. 7.

[3] Mahogany Run is represented by Denise Francois, Esq., of Hodge & Francois. Plaintiff Monica Canonier is represented by David A. Bornn, Esq., of the Bornn Firm, PLLC.

violation of V.I. CODE ANN. tit. 10, § 64a (2006), and that this provision of the Code provides a private cause of action for sexual assault and, that a six-year statute of limitations applies. This Court also finds that the doctrine of equitable tolling applies to the claim for assault and battery, but this doctrine does not apply to the claims for constructive discharge and negligent supervision, retention and training. The claim for assault and battery is, for this reason, timely, while the claims for constructive discharge and negligent supervision, retention and training are not.

## FACTS

Mahogany Run employed Plaintiff Monica Canonier as a security guard starting in May 2006. Canonier alleges that she was subjected to unwelcomed sexual advances, requests for sexual favors, and verbal and physical contact of a sexual nature from her supervisor, Defendant Matthew Prosper. Thus, his behavior created a hostile work environment for her. Because of her encounters with Prosper and the failure of other supervisors at Mahogany Run to address this conduct, Canonier resigned from her employment with Mahogany Run on August 26, 2006. Plaintiff alleges that, as a result of Prosper's conduct, she suffered emotional distress, lost sleep, loss of concentration and other physical symptoms. On August 31, 2006, Canonier filed a complaint with the Virgin Islands Civil Rights Commission. The Civil Rights Commission has not taken any final action on Canonier's complaint.

The five-count Complaint in this case was filed in the Superior Court on August 19, 2009. In Count I, Canonier claims that Mahogany Run is responsible for creating a hostile work environment.[4] In Count II, Canonier sues Mahogany Run for constructive discharge. In Count III, Canonier sues Mahogany Run for negligent supervision, retention and training relating to its relationship with Prosper. In Count IV, Canonier argues that Prosper and Mahogany Run are liable for assault and battery. In Count V, Canonier sues Prosper and Mahogany Run for intentional infliction of emotional distress.

Mahogany Run moved to dismiss the Complaint on September 15, 2009, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that Canonier's claims are time-barred by the two-year statute

---

[4] V.I. CODE ANN. tit. 10, § 64a(b)(4)(C).

213

of limitations and for failure to state a claim upon which relief can be granted. Mahogany Run argues that the claim for sexual harassment and the other causes of action alleged in the Complaint are governed by the two-year statute of limitations for tort actions set out in Section 31(5)(A) of Title 5 of the Virgin Islands Code, and that Canonier's complaint is, therefore, untimely. Mahogany Run also argues that Count I of the Complaint, the sexual harassment cause of action, does not state a claim because the statute that created this claim does not provide for a private cause of action. Finally, Mahogany Run states that the cause of action for constructive discharge in the Complaint must be dismissed for failure to state a claim, since the public policy against wrongful termination is already protected in the Wrongful Discharge Act.

## DISCUSSION

### I. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim when the complaint "fails to state a claim upon which relief can be granted." In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), the Court must separate the factual allegations from the legal conclusions and accept the factual allegations as true.[5] The Court will construe the Complaint in the light most favorable to the Plaintiff.[6] The Court will then determine whether, "under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[7]

■ Rule 12(b)(6) motions test the sufficiency of the pleadings and are designed to "screen out cases" in which there is no remedy for the wrong alleged or no relief could possibly be granted.[8] In this case, Mahogany Run argues that Canonier states a legal theory that is not cognizable as a matter of law because it is barred by the statute of limitations and because the statute does not authorize an individual private lawsuit. Mahogany Run may properly advance such arguments in a motion pursuant to Rule 12(b)(6).

---

[5] *Ashcroft v. Iqbal* ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Phillips v. Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

[6] *Phillips*, 515 F.3d at 231.

[7] *Id.*

[8] *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305 (3d Cir. 1999).

## II. THE SEXUAL HARASSMENT SECTION OF TITLE 10 CREATES A PRIVATE CAUSE OF ACTION.

Based on the language, history, and case law of 10 V.I.C. § 64a, this Court concludes that the Legislature intended to create a private cause of action for sexual harassment.

In *Miller v. Virgin Islands Housing Authority*, the issue before the District Court of the Virgin Islands was whether or not the Virgin Islands anti-discrimination statutes created a private cause of action for sex discrimination.[9] The District Court noted that the most important inquiry is whether the Legislature intended to create a private cause of action.[10] In resolving this question, the focus should be on the text and structure of the statute itself.[11] The District Court concluded that there was no private cause of action for sex discrimination and that the exclusive remedy for such discrimination was to pursue the remedies established by the Legislature with the Commission. If the Legislature had intended to create a private cause of action for sex discrimination, according to the *Miller* court, it would have done so "in clear and unambiguous terms."[12] The *Miller* court based its opinion interpreting Section 64a on the United States Court of Appeals for the Third Circuit's holding in *Figueroa v. Buccaneer Hotel*,[13] which implicitly held that there was not a private cause of action for sex discrimination under section 64a.[14]

■ Using the analysis in *Miller* regarding the statutory creation of a private cause of action, it appears that the Virgin Islands Legislature intended to create a private right of action when it enacted sections 64(14) and 64a of Title 10, the two sections of the Virgin Islands Civil Rights Statute dealing with sexual harassment. Section 64(14) declares that

---

[9] 46 V.I. 623, 624 (D.V.I. 2005).

[10] *Id.* at 629.

[11] *Id.*

[12] *Id.* at 630-631.

[13] 188 F.3d 172, 177, 41 V.I. 502 (3d Cir. 1999).

[14] *See also Codrington v. Virgin Islands Port Auth.*, 911 F. Supp. 907, 917, 33 V.I. 215, 33 V.I. 245 (D.V.I. 1996) (holding it is not clear that Section 64 creates a private cause of action, because the power to enforce the provisions of the statute involving sex discrimination is vested in the Commission; and nowhere in the statute is it stated that an aggrieved individual may file a private cause of action); *Whitmore v. HEPC Sugar Bay, Inc.*, No. Civ. 2000-63, 2002 U.S. Dist. LEXIS 4350, *9 (D.V.I. Mar. 12, 2002) (finding no private cause of action for sexual harassment under Section 64).

sexual harassment is a form of discrimination. Section 64a(e) provides that the remedies established are to be *"in addition to* those established under other sections" of Title 10 and "title 24, chapter 17 of the Virgin Islands Code."[15] Section 64a(f) provides for individual civil liability "[f]or a sum equal to double the amount of damages" or "for a sum of not less than $5,000 at the discretion of the court, . . . [when] pecuniary damages cannot be determined." Furthermore, the statute provides that in addition to the remedies in sections 73 and 74 of Title 10, chapter 5, the Court shall also order "the employer to hire, promote or reinstate the employee in his job and to cease the act in question."[16]

Applying *Miller* to this action, the Court finds that Canonier is a member of the class that the statute was intended to benefit.[17] Moreover, there is an indication of legislative intent to create a private cause of action, and implying a private right of action would be consistent with that legislative purpose.[18]

### III. THE SIX-YEAR STATUTE OF LIMITATIONS PROVIDED BY V.I. CODE ANN, tit. 5, § 31(3)(B) APPLIES IN THIS CASE TO THE SEXUAL HARASSMENT CLAIM IN COUNT I.

■ Having decided that the statute creates a private cause of action for sexual harassment, the Court must now determine whether or not the statute of limitations is a bar to the claim for sexual harassment under Count I. The decision as to which statute of limitations applies to this action follows easily from the previous discussion. Where a liability would not exist but for a statute, a six-year statute of limitations applies,[19] and suing for damages for sexual harassment is an action for a liability created by statute. Thus, the six-year statute of limitations applies.[20] Because the Complaint was filed well within the applicable statute of

---

[15] 10 V.I.C. § 64a(e) (emphasis added).

[16] 10 V.I.C. § 64a(e) (2006 & Supp. 2010).

[17] *Miller*, 46 V.I. at 627.

[18] *Id.*

[19] *Webster v. Gov't V.I.*, 17 V.I. 498, 502 (D.V.I. 1980).

[20] "Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute." 5 V.I.C. § 31(3)(B). The statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture" is six (6) years. *Id.*

limitations, the claim for sexual harassment embodied in Count I of the Complaint is timely. The Court will, therefore, deny the motion to dismiss Count I of the Complaint.

## IV. EQUITABLE TOLLING APPLIES TO THE CLAIMS FOR NEGLIGENT SUPERVISION, RETENTION AND TRAINING, ASSAULT AND BATTERY AND CONSTRUCTIVE DISCHARGE.

The Court's decision as to whether the other causes of action survive the statute of limitations challenge hinges on whether the limitations period was equitably tolled. Since the Court concludes that Canonier sufficiently stated claims to establish a cause of action for assault and battery before the Civil Rights Commission and that the principles of equitable tolling apply, Canonier's assault and battery claim survives. The Court, however, finds that Canonier failed to sufficiently state a claim for constructive discharge and negligent supervision, retention and training before the Civil Rights Commission and, the principles of equitable tolling are inapplicable and thus, these claims are time-barred.

Mahogany Run argues that the claims for constructive discharge (Count II), negligent supervision, retention and training of Prosper (Count III), and assault and battery (Count IV) are all subject to a two-year statute of limitations, and, therefore, are time-barred. Canonier counters that, because she believed she had to present her claim to the Civil Rights Commission to vindicate her rights before going to court, the principles of equitable tolling apply to the calculation of the statute of limitations and thus, the constructive discharge, negligent retention and assault and battery claims should not be dismissed.

■ The concept of equitable tolling applies where a plaintiff can show that: "(1) the defendant has actively misled the plaintiff respecting the cause of action; (2) the plaintiff has in some extraordinary way been prevented from asserting his or her rights; or (3) the plaintiff has raised the precise statutory claim in issue, but has raised it in the wrong forum."[21] The three categories cited may not be the exclusive reasons for invoking this equitable principle, but they are the principal reasons why

---

[21] *Williams v. Virgin Islands Horn. Auth.*, Civil No. 2005-0009, 2007 U.S. Dist. LEXIS 98197, *7 (D.V.I. Oct. 25, 2007).

tolling would be appropriate.[22] Although the factual situation does not fall neatly into the categories usually reserved for equitable tolling, whether to apply equitable tolling is committed to the discretion of the trial court.[23] Because of the equities involved in this case, it is appropriate to invoke this concept in tolling the statute of limitations if the same claim before the Superior Court was presented initially before the Civil Rights Commission.

■ A trial court may apply equitable tolling if: "(1) the first action gave the defendant timely notice of the plaintiff's claim; (2) the lapse of time between the first and second actions would not prejudice the defendant; and (3) the plaintiff acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action."[24] The equitable tolling test is highly "fact-specific."[25]

Canonier contends that she filed a complaint with the Civil Rights Commission, and that the complaint included allegations of assault and battery and constructive discharge. She contends that she timely filed the complaint twelve (12) days after the last act of harassment, and that the Civil Rights Commission has not yet rendered a decision. Therefore, if equitable tolling applies to the claims of assault and battery and constructive discharge, Canonier's claims would survive a dismissal.

■■ The Court first turns to Canonier's claim for assault and battery. A defendant is liable for battery if he acts with an intent to commit harmful or offensive contact with another, or imminent apprehension of such contact, and the offensive contact with the other directly or indirectly results.[26] When Canonier filed her complaint with the Civil Rights Commission on August 31, 2006, she gave Mahogany Run timely notice of her claim for assault and battery. Before the Civil Rights Commission, Canonier complained that Prosper had made offensive advances towards her on August 19, 2006, including the touching of her private parts, rubbing her back and trying to kiss her. She also stated that she wanted the Civil Rights Commission to resolve the dispute, but if it did not, she

---

[22] *Sch Dist. Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981).

[23] *Island Insteel Sys., Inc.* v. *Waters*, 296 F.3d 200, 218, 44 V.I. 389 (3d Cir. 2002).

[24] *Jensen v. Virgin Islands Water & Power Auth.*, 52 V.I. 435, 443 (V.I. 2009) (citing *Island Insteel Sys., Inc.*, 296 F.3d at 218).

[25] *Id.* (citing *Island Insteel Sys., Inc.*, 296 F.3d at 218).

[26] RESTATEMENT (SECOND) TORTS § 18 (1965).

would seek resolution in court. Mahogany Run has not asserted any prejudice due to the time between the filing of the complaint in the Civil Rights Commission and the filing of this case. Canonier's claims are sufficient to make out the elements of assault and battery and Canonier satisfies the equitable tolling test. The Court, therefore, concludes that Canonier is entitled to equitable tolling of the statute of limitations on the assault and battery claim.

■■ Turning now to the constructive discharge claim, Canonier must show "that she resigned because her employer made her working conditions so unpleasant or difficult that she was forced to resign."[27] Canonier does not allege in her Civil Rights Commission complaint that she was constructively discharged from her employment with Mahogany Run. Indeed, she does not mention anything about what may have motivated her to leave Mahogany Run. Thus, Canonier is not entitled to equitable tolling on this claim. If the two-year statute of limitations applies to this claim, as Mahogany Run argues, the claim for constructive discharge will have to be dismissed.

■■ The Court is persuaded by Mahogany Run's arguments that a two-year statute of limitations applies to a claim for constructive discharge. Constructive discharge is a form of wrongful discharge and the statute of limitations for wrongful discharge is two years.[28] Canonier invites the Court to construct a cause of action for wrongful discharge which would be based upon Section 64a(f) as opposed to the Wrongful Discharge Act, but the Court sees no reason to graft onto Section 64a(f) an additional cause of action for constructive discharge when aggrieved plaintiffs can sue for sexual harassment and recover the damages flowing from such harm.[29] Thus, the Court will dismiss the claim for constructive discharge as barred by the statute of limitations.

■ Regarding the claim for negligent supervision, retention, and training, a plaintiff must show: "(1) the existence of an employment

---

[27] *Chongasing v. Virgin Islands Hous. Auth.*, No. Civ. 2003-187, 2004 U.S. Dist. LEXIS 16813, *10 (D.V.I. Aug. 2, 2004).

[28] *Krimmel v. Hovensa LLC*, Civil No 2002-028, 2007 U.S. Dist. LEXIS 98200, *13 (D.V.I. Nov. 28, 2007).

[29] *See Warner v. Kmart Corp.*, Civil No. 2005-0128, 2009 U.S. Dist. LEXIS 44502, *53 (D.V.I. May 27, 2009) (stating that "the public policy against wrongful termination is already protected by a comprehensive legislative scheme in the Virgin Islands by way of the Wrongful Discharge Act").

relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries." Such allegations were not before the Civil Rights Commission, and therefore, Canonier does not get the benefit of equitable tolling. This cause of action is a species of negligence and is governed by a two-year statute of limitations. Therefore, this claim must be dismissed.

## CONCLUSION

Based on the legislative history and case law of V.I. CODE ANN. tit. 10, § 64a (2006), the Court concludes that the Legislature intended to create a private cause of action for sexual harassment. Thus, a six-year statute of limitations applies to this claim, since it is an action upon a liability created by statute. The Court also finds that Canonier failed to allege facts necessary to support the negligent supervision, retention and training and constructive discharge claims before the Civil Rights Commission and thus, the principles of equitable tolling are inapplicable to these claims. Lastly, the Court finds that Canonier alleged sufficient facts for the claim of assault and battery before the Civil Rights Commission and the principles of equitable tolling, therefore, apply to that particular claim before the Court. Thus, the Court, by separate Order, will grant in part and deny in part Mahogany Run's Motion to Dismiss.